NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000093
17-APR-2014
08:18 AM**

NO. CAAP-13-0000093

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRISTOPHER E. FANELLI, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(SPECIAL PROCEEDING PRISONER NO. 11-1-0011(1)
(CRIMINAL NO. 08-1-0267))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)

Petitioner-Appellant Christopher E. Fanelli (**Fanelli**) appeals from the January 29, 2013 "Findings of Fact, Conclusions of Law and Order Denying Petition for Post-Conviction Relief Under HRPP Rule 40; i.e. Document Entitled 'Petition for Post-Conviction Relief to Vacate Judgment and Release Petitioner From Custody'" (**Order Denying Hawai'i Rules of Penal Procedure (HRPP) Rule 40 Petition**), entered in the Circuit Court of the Second Circuit[1] (**circuit court**).

Fanelli contends the circuit court reversibly erred by failing to grant his HRPP Rule 40 petition and motion for an evidentiary hearing on the following grounds:

(1) he was incompetent to stand trial;

(2) his appellate counsel provided ineffective assistance;

---

[1] The Honorable Rhonda I.L. Loo presided.

(3) his trial counsel provided ineffective assistance; and

(4) prosecutorial misconduct.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Fanelli's appeal is without merit.

> As a general rule, a hearing should be held on a [HRPP] Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true. Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

Barnett v. State, 91 Hawai'i 20, 26, 979 P.2d 1046, 1052 (1999) (citations, brackets and ellipsis omitted).

Fanelli first contends that his HRPP Rule 40 petition alleged a "colorable claim that he was incompetent to stand trial[.]"[3] "To establish a colorable claim, [an HRPP Rule 40] petition must show that if taken as true the facts alleged would change the verdict[.]" Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994) (citation omitted). "Where examination of

---

[2] Fanelli's opening brief is noncompliant with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(3). His opening brief fails to support many of its statements of fact with record references, and where references are provided, they fail to indicate their location in the electronic record on appeal. This was brought to our attention by Respondent-Appellee State of Hawai'i (State) in its motion to strike Fanelli's opening brief. Although this court denied the State's motion to strike, Fanelli's counsel is warned that future noncompliance may result in sanctions.

[3] In support of his contention, Fanelli cites Hawaii Revised Statutes (HRS) § 704-403 (1993), which provides:

§704-403 Physical or mental disease, disorder, or defect excluding fitness to proceed. No person who as a result of a physical or mental disease, disorder, or defect lacks capacity to understand the proceedings against the person or to assist in the person's own defense shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity endures.

2

the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing." Id. Fanelli alleged the following facts in support of his HRPP Rule 40 petition: (1) he received psychotropic medication to treat ongoing mental diseases or defects; (2) he was refused medication on the morning of his trial; (3) his mental state deteriorated and he became agitated and confused during the trial; and (4) he argued with his defense counsel.

Fanelli fails to establish a colorable claim that he was incompetent to stand trial. A criminal defendant is legally competent to proceed to trial if the defendant had: (1) sufficient present ability to consult with their lawyer with a reasonable degree of rational understanding; (2) the capacity to assist in preparing their defense; and (3) rational as well as factual understanding of the proceedings. See HRPP Rule 40(f) and State v. Soares, 81 Hawai'i 332, 350-51, 916 P.2d 1233, 1251-52 (App. 1996), overruled on other grounds by State v. Janto, 92 Hawai'i 19, 986 P.2d 306 (1999). The circuit court found, and our review of the trial transcript indicates Fanelli's exchanges with the circuit court were coherent and responsive; he had a functional ability to work with his trial counsel and provide him with information that could be used to present a coherent defense; Fanelli provided coherent responses to the circuit court's inquiries into his fundamental defense decisions, such as whether to testify; and Fanelli appeared to withstand the pressures of trial. Consequently, Fanelli fails to show that his incompetency defense would change the verdict, because (1) the alleged facts do not satisfy the test for incompetency, even when taken as true; (2) the record indicates Fanelli is competant.

Fanelli's second contention is that his alleged incompetence to stand trial due to his lack of medication was an "appealable issue[;]" that his former appellate counsel Ben Herren (**Herren**) failed to appeal, and thereby presenting a colorable claim that Herren had provided ineffective assistance

of counsel requiring the reversal of the circuit court's Order Denying HRPP Rule 40 Petition. Briones v. State, 74 Haw. 442, 465-66, 848 P.2d 966, 977 (1993) ("An appealable issue is an error or omission by counsel, judge, or jury resulting in the withdrawal or substantial impairment of a potentially meritorious defense.") (internal quotation marks omitted). An attorney's failure to file an appeal, however, does not constitute ineffective assistance of counsel per se. See Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000) abrogating Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir. 1992).

Taking as true Fanelli's claim that Herren did not timely appeal does not itself establish that he provided ineffective counsel or that the verdict would change. See Flores-Ortega, 528 U.S. at 478 (where counsel consults with a defendant about the advantages and disadvantages of taking an appeal, and makes a reasonable effort to discover the defendant's wishes, counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal). Fanelli does not allege that he expressly instructed Herren to file a direct appeal or that he failed to consult with him on Herren's decision to not file the appeal. Fanelli submitted to the circuit court a letter written by Herren, which stated Herren did not find issues that could be appropriately raised on appeal, explained this finding to Fanelli, and Fanelli agreed to pursue the issues through further introduction of evidence by filing an HRPP Rule 40 motion. Fanelli's letters to the circuit court dated June 8, 2010, June 9, 2010, and July 7, 2010 indicated his intentions to file an HRPP Rule 40 petition and did not refer to any alleged "failure" to file a direct appeal from the circuit court's judgment and sentence. See Dan, 76 Hawai'i at 427, 879 P.2d at 532.

Fanelli's third contention that his HRPP Rule 40 petition presented colorable claims that his trial counsel was ineffective also lacks merit. Fanelli points to no evidence showing that acts or omissions by his trial counsel resulted in

the withdrawal or substantial impairment of a potentially meritorious defense. See Briones, 74 Haw. at 462-63, 848 P.2d at 976. His trial counsel's decision not to call Lieutenant Marks (**Marks**) of the Maui Police Department to testify, had the tactical benefit of excluding a witness to Fanelli's purported "uncharged indicia of drug use[.]" Further, Marks' potential testimony that a glass pipe did not have Fanelli's fingerprints on it would not have established a "meritorious defense" that Fanelli had not touched other contraband in the truck. Id. Fanelli's trial counsel elicited testimony from an essential witness (**Essential Witness**) that she had a history of methamphetamine drug use, contrary to Fanelli's contention that his trial counsel failed to effectively interrogate the Essential Witness as to her prior drug use. Fanelli also fails to support his contention that his trial counsel impaired his defense by failing to introduce into evidence a methamphetamine pipe and photographs because Fanelli was not charged with possession of the pipe.

Fanelli's fourth contention is that the circuit court should have granted his HRPP Rule 40 petition based on his allegations of prosecutorial misconduct. State v. Clark, 83 Hawai'i 289, 304, 926 P.2d 194, 209 (1996) ("Prosecutorial misconduct warrants a new trial or the setting aside of a guilty verdict only where the actions of the prosecutor have caused prejudice to the defendant's rights in a fair trial.") (internal quotation marks and citation omitted). Fanelli contends the State misled the circuit court by stating the Essential Witness and another witness had no drug convictions, but that the "whole truth" is that their drug use was "well known despite the fact that they did not yet have drug convictions on their record." Fanelli provides no argument indicating how the State's alleged misrepresentations could form the basis for a colorable claim that would "change the verdict" and thus warrant relief under HRPP Rule 40. Barnett, 91 Hawai'i at 26, 979 P.2d at 1052.

Therefore,

IT IS HEREBY ORDERED that the January 29, 2013 "Findings of Fact, Conclusions of Law and Order Denying Petition for Post-Conviction Relief Under HRPP Rule 40; i.e. Document Entitled 'Petition for Post-Conviction Relief to Vacate Judgment and Release Petitioner From Custody'" entered in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, April 17, 2014.

On the briefs:

Gerald Johnson
for Petitioner-Appellant.

Artemio C. Baxa
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge